UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN HICKEY, | : | CIVIL NO.: 4:18-cv-01793 |
| | : | |
| Plaintiff, | : | |
| | : | (Magistrate Judge Schwab) |
| v. | : | |
| | : | |
| KAREN MERRITT-SCULLY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**
March 12, 2021

Presently before us is a motion for summary judgment by the plaintiff, Kathleen Hickey ("Hickey"), and two motions for summary judgment filed by the defendants. *Docs. 43, 45, 46*. Hickey also filed a brief in support of her motion for summary judgment along with voluminous exhibits, as well as briefs in opposition to the defendants' motions. *See docs. 49, 63, 64*. But Hickey's filings are at odds with Local Rule 56.1[1] because she did not file a separate statement of material facts in support of her motion, or a response to the defendants' joint statement of material facts. Such noncompliance hinders our direct and accurate review of

[1] Local Rule 56.1, in pertinent part, requires a party moving for summary judgment to file "a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried," and requires a party opposing summary judgment to file "a separate, short and concise statement of the material facts responding to the numbered paragraphs" in the movant's statement of material facts. M.D. Pa. L.R. 56.1.

these motions for summary judgment, especially given the medical issues in this case.

**I. Hickey's motion for summary judgment.**

Specifically, regarding her motion for summary judgment, Hickey did not comply with Local Rule 56.1 because she failed to file a separate statement of material facts. Instead, Hickey included in her brief in support of her motion for summary judgment a Section IV. entitled "Statement of Material Facts of Record." *Doc. 49* at 6-27. This is not, however, a separate statement of material facts—neither is it in accordance with Local Rule 56.1 nor Fed. R. Civ. P. 56 in the first instance.[2] Rather, Hickey's putative statement of material facts is written in narrative rather than numbered paragraph form, is impermissibly contained within her brief in support of her motion for summary judgment, and frustrates rather than facilitates the purposes of Local Rule 56.1 and Fed. R. Civ. P. 56. *Id.*; *see supra* n.2. "When a moving party fails to comply with Local Rule 56.1 'the court should not have to proceed further, regardless of how readily it might be able to distill the relevant information from the record on its own.'" *Abu-Jamal v. Kerestes*, No.

---

[2] The purpose of Local Rule 56.1 is to "structure a party's summary judgment legal and factual theory into a format that permits and facilitates the court's direct and accurate consideration of the motion." *Hartshorn v. Throop Borough*, No. 3:07-cv-01333, 2009 WL 761270, at *3 (M.D. Pa. March 19, 2009); *see also Gantt v. Absolute Machine Tools, Inc.*, No. 1:06-CV-1354, 2007 WL 2908254, at *3 (M.D. Pa. Oct. 4, 2007).

3:15-CV-967, 2018 WL 2166052, at *14 (M.D. Pa. May 10, 2018) (quoting *Landmesser v. Hazleton Area Sch. Dist.*, 982 F. Supp. 2d 408, 412 (M.D. Pa. 2013)).

**II. The defendants' motions for summary judgment.**

Moreover, Hickey is also noncompliant with Local Rule 56.1 because she has failed to file a response to the defendants' joint statement of material facts. Instead, Hickey writes in her briefs in opposition to the defendants' motions for summary judgment that she "incorporates by reference the Statement of Material Facts of Record presented in the body of [her] Brief in Support" and "denies those facts set forth in the [joint] statement of material facts submitted by the defendants." *Doc. 63-1* at 7; *doc. 64-1* at 6. "Local Rule 56.1 . . . requires a party opposing a motion for summary judgment to deny or admit each numbered paragraph of the moving party's statement of material facts." *Occhipinti v. Bauer*, No. 3:13-CV-1875, 2016 WL 5844327, at *2 (M.D. Pa. Sept. 30, 2016) (citations omitted); *see also Conn v. Bull*, 307 F. App'x 631, 633 (3d Cir. 2009) (Local Rule 56.1 "clearly mandates an answer to the moving party's statement of facts separate from the opposition brief").

**III. Order.**

"[T]he proper sanction for violating Rule 56.1 is . . . within the district court's discretion." *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 614 (3d Cir. 2018). We may deny a motion for summary judgment for failure to comply with Local Rule 56.1. *Landmesser*, 982 F. Supp. 2d at 412; *see also Doyle v. Wayne Mem'l Hosp.*, No. 3:18-1784, 2020 WL 753196, at *2 (M.D. Pa. Feb. 13, 2020); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("[F]ailure to comply with the Local Civil Rule would by itself suffice to deny [a] motion for summary judgment."). We may also deem unopposed facts admitted, but in this instance "deeming certain facts admitted will not assist the court with the 'direct and accurate' consideration of the underlying summary judgment motion[s] because it is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here." *Park v. Veasie*, No. 3:09-CV-2177, 2011 WL 1831708, at *4 (M.D. Pa. May 11, 2011) (striking and ordering the refiling of statements of material facts). Thus, given Hickey's noncompliance with Local Rule 56.1 in connection with her own motion and in her response to the defendants' motions, the court's discretion in these matters, and its duty to accurately assess the substantive issues on summary judgment review, we will deny Hickey's motion, but grant her leave to properly respond to the defendants' motions.

In accordance with the above, **IT IS ORDERED** that Hickey's motion for summary judgment (*doc. 46*) is **DENIED**. **IT IS FURTHER ORDERED** that Hickey shall file a response to the defendants' joint statement of material facts that complies with Local Rule 56.1[3] and Fed. R. Civ. P. 56 on or before **March 26, 2021**. *Doc. 44*.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge

[3] "To comply with Local Rule 56.1, Plaintiff should (1) clearly and unequivocally admit or deny whether each fact contained in the Defendant[s' joint] statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) provide a citation to the record that supports any such denial." *Scott-Moncrieff v. Lost Trails, LLC*, No. 3:16-CV-1105, 2018 WL 4110742, at *1 (M.D. Pa. Aug. 29, 2018) (citing *Occhipinti*, 2016 WL 5844327, at *3).